## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Brian L. Brimeyer,**

    **Plaintiff,**

**v.**             **Case No. 16-3112-JWL**

**Erica Nelson,**

    **Defendant.**

### MEMORANDUM & ORDER

Brian L. Brimeyer, a former enlisted sailor in the United States Navy, was court-martialed and convicted of rape of a child; aggravated sexual contact with a child; sodomy; and possession and receipt of child pornography. He was sentenced to confinement for 33 years and a dishonorable discharge from the Naval Service. He is currently serving his sentence at the United States Disciplinary Barracks at Fort Leavenworth, Kansas. In 2012, the Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed his conviction and sentence in a detailed, written opinion. Thereafter, the Court of Appeals of the Armed Forces (CAAF) summarily denied Mr. Brimeyer's request for review and his subsequent request for reconsideration. Mr. Brimeyer filed a petition for a writ of habeas corpus with both the NMCCA and the CAAF, both of which were denied summarily. He now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. As explained below, the petition is denied.

In his petition, Mr. Brimeyer asserts seven claims arising from his court-martial convictions. Specifically, he asserts that (1) the military judge abused his discretion by excluding certain evidence under Military Rule of Evidence 412; (2) the military judge did not

instruct the panel members properly on the charge and elements of child pornography; (3) the military judge abused his discretion by allowing a nurse to testify about a medical document that contained hearsay; (4) the military judge abused his discretion by allowing a social worker to testify about statements made by Mr. Brimeyer's children; (5) the circumstances surrounding the interviews of Mr. Brimeyer's children violated Mr. Brimeyer's Sixth Amendment confrontation rights; (6) Mr. Brimeyer's trial counsel provided ineffective assistance in certain respects; and (7) the evidence was legally and factually insufficient to convict Mr. Brimeyer.

A federal district court's review of court-martial proceedings is limited generally to jurisdictional issues and to a determination of whether the military gave full and fair consideration to each of the petitioner's constitutional claims. *See Fricke v. Secretary of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007). With respect to constitutional claims, an issue receives full and fair consideration if it has been briefed and argued, even if the military court summarily disposes of the matter. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). In essence, a federal district court's review of a military conviction is appropriate only if, among other things, the military courts failed to give adequate consideration to the issues involved; failed to apply proper legal standards; or manifestly refused to consider a claim. *See Thomas v. U.S. Disciplinary Barracks*, 625 F.2d 667, 670 (10th Cir. 2010); *Burns v. Wilson*, 346 U.S. 137, 142 (1953).

The vast majority of Mr. Brimeyer's claims were briefed and argued before the NMCCA and then disposed of by that court. Two of Mr. Brimeyer's claims—his claims concerning the testimony of the social worker and the sufficiency of the evidence—were addressed in detail by the NMCCA in its written opinion. Mr. Brimeyer does not contest that the military fully and

2

fairly considered these claims.  Accordingly, these claims must be denied.  *See Templar v. Harrison*, 298 Fed. Appx. 763, 765 (10th Cir. Oct. 30, 2008) (district court must deny relief on claim that has already received full and fair consideration by the military; district court may not re-evaluate evidence).

Three of Mr. Brimeyer's remaining claims—his claims that the judge improperly instructed the panel on the elements of child pornography; that the judge improperly permitted a nurse to testify about a medical document containing hearsay; and that the interviews of his children violated his 6th Amendment rights—were raised before the NMCCA pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and the NMCCA summarily concluded that those issues did "not merit relief."[1]  Nonetheless, the NMCCA is deemed to have given those claims fully and fair consideration, barring habeas relief in this court.  *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion.").

That leaves only Mr. Brimeyer's claims that the trial judge abused his discretion in excluding evidence under Military Rule of Evidence 412 and that his trial counsel provided ineffective assistance.  Mr. Brimeyer's ineffective assistance claim is quite limited:  he contends only that his trial counsel improperly stated during closing argument that Mr. Brimeyer used a "cleanup" software program to delete pornography from his computer so that his wife "wouldn't

---

[1] *Grostefon* allows a service member to raise legal claims his appellate counsel has decided not to present to the military appellate court.

catch him." Neither of these claims was presented to the military courts on direct appeal. Thus, Mr. Brimeyer is procedurally barred from seeking habeas relief in this court unless he can demonstrate cause excusing the procedural default and actual prejudice resulting from the error. *Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993). He has not made this showing.

With respect to his claim that his trial counsel improperly argued to the panel that Mr. Brimeyer had installed a "cleanup" program to delete pornography from his computer, Mr. Brimeyer fails to explain why this claim was not asserted on appeal. He does not address the "cause" prong whatsoever. Moreover, he cannot establish any actual prejudice from his counsel's argument. While he speculates that he would not have been convicted of possessing and receiving child pornography but for his counsel's statement, the record does not remotely support that assertion. In fact, his counsel's statement likely offered the panel some lawful explanation for the fact that "cleanup" software existed on Mr. Brimeyer's personal computer— his desire to erase evidence of lawful adult pornography. This claim, then, cannot be reviewed in this federal habeas proceeding. *See id*.

With respect to his Rule 412 claim, Mr. Brimeyer concedes that he did not raise the issue on direct appeal, but suggests that the claim is nonetheless exhausted because he raised it in his habeas petitions to the NMCCA and the CAAF. Because exhaustion requires "invoking one complete round" of the military's appellate review process, *see Nixon v. Ledwith*, 635 Fed. Appx. 560 (10th Cir. Jan. 6, 2016), raising an issue for the first time in a habeas petition is not sufficient. The court turns, then, to consider whether Mr. Brimeyer has established cause and prejudice with respect to the procedural default of his Rule 412 claim. In an effort to establish cause for his failure to raise the issue on direct appeal, Mr. Brimeyer contends that the fault lies

4

with his appellate counsel, who failed to raise the issue despite Mr. Brimeyer's request.  While ineffectiveness of appellate counsel can establish cause for a procedural default in some cases, that claim must itself be exhausted in the military courts.  *See Plancarte v. Falk*, 632 Fed. Appx. 945, 954-55 (10th Cir. Dec. 3, 2015); *see also Nixon v. Ledwith*, 635 Fed. Appx. 560, 565 (10th Cir. Jan. 6, 2016) (military prisoners subject to same exhaustion requirements as state prisoners). Mr. Brimeyer never presented this claim on discretionary appeal to the CAAF nor in his habeas petition to the CAAF.  This claim is itself defaulted then.  *See Nixon,* 635 Fed. Appx. 560 at 565 (military prisoners must invoke one complete round of the review process; to preserve claim, it must be raised in petition for review to the CAAF).  He fails to articulate any cause or prejudice related to that separate procedural default and the court, then, cannot address it.

Mr. Brimeyer also contends that he failed to raise the Rule 412 claim on direct appeal because he simply did not understand the law as it relates to Military Rule of Evidence 412 until after his direct appeal when he researched that issue at some length.  Mr. Brimeyer's asserted lack of understanding does not establish cause sufficient to overcome the procedural default.  To show cause, a petitioner must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the exhaustion requirement.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  As the Circuit has held, a petitioner's lack of knowledge about the law is "an internal rather than an external factor" to his defense that does not excuse a procedural default. *See Vos v. Turley*, 496 Fed. Appx. 798, 802 (10th Cir. Sept. 7, 2012).

Finally, Mr. Brimeyer asserts that a "change in the law" regarding Rule 412 occurred after his conviction.  Specifically, he contends that the CAAF, in *United States v. Gaddis*, 70 M.J. 248, 250 (C.A.A.F. 2011) and *United States v. Ellerbrock*, 70 M.J. 314, 318 (C.A.A.F.

2011), held that portions of Rule 412 were unconstitutional.   But the change to which he refers undisputedly occurred, if ever, in 2011—before Mr. Brimeyer's last filing with the NMCCA on direct appeal and well before the NMCCA issued its opinion in 2012.  Any purported change in the law, then, fails to excuse Mr. Brimeyer's failure to raise the Rule 412 issue on direct appeal.  In any event, a review of *Gaddis* and *Ellerbrock* reveal that the CAAF merely clarified the law concerning Rule 412 and did not change that law in any respect that would affect the trial judge's decision in this case.   In those cases, the CAAF clarified that, in determining whether evidence is admissible under Rule 412, a trial judge could not limit the admission of constitutionally required evidence based on the danger of unfair prejudice to the victim's privacy.  *United States v. Lopez*, 2013 WL 4040357, at *3 (C.A.A.F. 2013).  Rather, a trial judge must determine whether the evidence is constitutionally required (and, thus, admissible under the Rule) by evaluating whether the evidence is relevant and material, and whether the probative value of the evidence outweighs the dangers of unfair prejudice.  *See id*.  Those dangers, in turn, include concerns about harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.  *See id*.  The court, then, discerns no change in the law relating to Rule 412 sufficient to explain Mr. Brimeyer's failure to raise that issue on direct appeal.  Because he has not shown cause, the court need not address the prejudice prong and cannot address Mr. Brimeyer's Rule 412 claim.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brimeyer's petition for writ of habeas corpus is denied.

**IT IS SO ORDERED.**


Dated this 22nd day of November, 2016, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge